IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID LURAY HUNTER,

    Petitioner,

vs.                                  Case No. 04-3404-JTM

EMMALEE CONOVER, et al.,

    Respondents.

MEMORANDUM AND ORDER

    David Hunter is an inmate at the Kansas Winfield Correctional Facility, held in custody pursuant to a state criminal conviction. Hunter seeks federal habeas relief on the grounds that his constitutional rights were violated because his guilty plea was entered without a sufficient factual basis and he was denied effective and conflict-free counsel. For the reasons stated herein, Hunter's Petition is denied.

**Facts**

    No evidentiary hearing is needed to identify the controlling facts in the case. Hunter was charged in the District Court of Stafford County, Kansas, with one count of Attempt to Manufacture Methamphetamine in violation of KSA 65-4159, two counts of Possession of Drug Paraphernalia in violation of KSA 65-4152, one count of Obstruction of Official Duty in violation of KSA 21-3808, and one count of Endangering a Child in violation of KSA 21-3608(a). An additional count

of Possession of Pseudoephedrine with Intent to Manufacture a Controlled Substance violation of KSA 65-7006 was added after the preliminary hearing on January 7, 2002, Case No. 01-CR-60.

Pursuant to a plea agreement, on April 30, 2002, the State amended the charge of Possession of Pseudoephedrine with Intent to Manufacture a Controlled Substance to charge one count of Possession of a Stimulant with Intent to Sell within 1,000 feet of a School in violation of KSA 65-4163, and dismissed all other charges. Hunter pled guilty to the single amended charge.

Hunter was advised of the severity of the crime, the potential punishment, and the rights he would be giving up by entering a guilty plea. He told the court that he understood the charge, the potential punishment, and the rights he was giving up. He stated that no threats or other promises, other than what was in the plea agreement, had been made to coerce him to plead guilty. (R. 5.22-24).

On June 4, 2002, Hunter moved to withdraw his plea, arguing that he was not informed of a recent state appellate decision that would have impacted one of his original charges (Possession of Pseudoephedrine), that his co-defendant got a better plea deal, that his counsel was ineffective, that he was coerced by the State through threats against his wife who was a co-defendant, that he was not brought before a magistrate in a timely fashion after his arrest, and that witnesses at his preliminary hearing lied. The motion was denied, and Hunter was sentenced to a term of 65 months imprisonment.

On appeal, Hunter argued he should have been permitted to withdraw his plea because it lacked any factual basis, he was denied effective assistance of counsel, and his counsel had a conflict of interest. And he argued that his sentence was illegal because his prior convictions were not proven to a jury beyond a reasonable doubt. The Kansas Court of Appeals rejected these arguments

<3404-JTM Document 19 Filed 06/22/05 Page 3 of 6

and affirmed Hunter's conviction and sentence. *State v. Hunter*, No. 89,703 (Kan.Ct.App., August 22, 2003). On November 12, 2003, the Kansas Supreme Court denied Hunter's petition for review.

On November 4, 2004, Hunter filed for federal habeas relief pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Kansas.

**Conclusions of Law**

Petitioner Hunter has failed to establish that the state court proceedings were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or an "unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). Here, the claim that the state court should have allowed him to withdraw his plea because there was not a sufficient factual basis to support it is insufficient, because the requirement of factual basis for a state court plea is not a federal constitutional requirement; it is a matter of state, not federal law. *Freeman v. Page*, 443 F.2d 493, 497 (10th Cir. 1971); *Smith v. Hannigan*, 804 F.Supp. 156, 157 (D.Kan. 1992). (The necessity for a factual basis to support a guilty plea in a state court.) Due process may be implicated if a state prisoner maintains his innocence during a plea hearing, *Smith*, 804 F.Supp. at 157, but Hunter did not do so. Instead, he affirmatively asserted in the plea hearing that he did indeed possess unlawful narcotics within the city limits of Seward, Stafford County, Kansas, within 1,000 feet of a school. At the hearing to withdraw the plea, the court specifically inquired into the evidence showing that Hunter hid from police under the house for several hours, and Hunter could give not credible answer. (R. 4.6, 10-12.).

Second, the court finds that Hunter's claims of ineffective assistance of counsel fail to demonstrate any basis for habeas relief. To show constitutionally ineffective counsel, a defendant must show both that his counsel's performance fell below an objective standard of reasonableness, and that the deficient performance prejudiced his case. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To show an entitlement to habeas relief, Hunter must show that the state court's decision on the issue represented an unreasonable application of clearly established federal law. *Trice v. Ward*, 196 F.3d 1151, 1160 (10th Cir.1999).

Hunter complains that his counsel failed to contact witnesses, failed to consult with him and prepare for trial, refused to present to the court certain issues, and failed to inform him of the possible impact of *State v. Frazier*, 30 Kan.App.2d 398, 42 P.3d 188 (2002), on his case. The Kansas Court of Appeals rejected Hunter's arguments, holding that Hunter was largely complaining about a disagreement over trial tactics, and that at the time of the plea the *Frazier* decision was not final and was pending review by the Kansas Supreme Court, but that even Hunter had failed to demonstrate a real possibility that he would have insisted on going to trial. *State v. Hunter*, No. 89,703, Slip op. at 9 (Kan.Ct.App., August 22, 2003).

These conclusions were not unreasonable. Hunter's trial counsel was aware of and investigated the potential witnesses Hunter wanted him to call, and what Hunter believed their testimony would be. (R. 5.11-13.) Counsel told the trial court that if the witnesses were available and he deemed they had relevant testimony, he would put them on the stand. (R. 5.12.) But counsel also noted that most, if not all of these witnesses were facing criminal charges themselves and were represented by counsel, raising the implication that they were unlikely to testify and risk

incriminating themselves. Counsel therefore had ample strategic reasons for the decision to prefer a plea.

Hunter's counsel did not raise issues that Hunter wanted, but Hunter has no constitutional right to compel counsel to advance all issues. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). Counsel here stated that the issues Hunter wanted raised were either inappropriate for the particular hearing, or without merit. (R. 5.10-11.) Hunter has failed to show that this judgment was objectively unreasonable.

At the time of the plea hearing, the *Frazier* decision was not settled law. In any event, the court correctly observed that an attorney cannot reasonably be required to advise a defendant "of every possible permutation of the law that had occurred" that could affect the plea. (R. 5.12.) Hunter has failed to show that, even if the Frazier decision was final, it would have resulted in a difference in the plea decision.

Counsel consulted with Hunter, was knowledgeable of the facts of the case, and was prepared for trial. (See Transcr. Feb. 1, April 30, and July 5, 2002 Hearings, R. Vol's 3-5). And counsel negotiated a favorable plea agreement which resulted in the dismissal of most of the charges against Hunter. Hunter has shown neither that counsel's performance was objectively unreasonable, nor that he was prejudiced as a result.

Hunter has failed to show any actual conflict of interest on the part of counsel. *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). Here, Hunter at most has shown disagreement between himself and counsel, and that he was personally dissatisfied with counsel's performance. This is insufficient to demonstrate an actual conflict of interest on the part of counsel. *Hale v. Gibson*, 227 F.3d 1298, 1313 (10th Cir. 2000).

5

Also before the court are Hunter's motions for appointment of counsel (Dkt. No. 18) and a Motion to Amend the Writ of Habeas Corpus Petition (Dkt. No. 17). The court will deny these motions. Appointment of counsel would not advance the interests of justice because the issues raised by Hunter are straightforward, and Hunter ably articulates his arguments relating to those issues. Appointment of counsel would not achieve any different result. Amendment is not justified since the proposed amendment (relating to the Kansas Supreme Court's decision in *State v. Campbell*, 279 Kan. 1, 106 P.3d 1129 (2005)) would not create any additional basis for habeas relief and amendment would therefore be futile. The decision cited by Hunter was rendered almost three years after Hunter's plea of guilty, and there is no basis for concluding that counsel was deficient in failing to anticipate the ruling, that Hunter received ineffective counsel as to the law at the time of his plea, or that Hunter was otherwise deprived of his constitutional rights with respect to his plea.

IT IS ACCORDINGLY ORDERED this 21st day of June, 2005, that the petitioner's Petition for Writ (Dkt. No. 1), Motion for Leave (Dkt. No. 17), and Motion for Appointment (Dkt. No. 18) are hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE